**JACKY W., an infant, Plaintiff,**

v.

**N.Y.C. BOARD OF EDUCATION and the N.Y. State Education Department, Defendants.**

CV 92–2166.

United States District Court, E.D. New York.

March 31, 1994.

Flanagan & Moccio by Michael G. Flanagan, New York City, for plaintiff.

Office of the Corp. Counsel by Blanche Greenfield, New York City, N.Y.S. Atty. Gen. by Clement Colucci, New York City, for defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge.

This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA") to contest procedures implemented by The New York City Board of Education ("Board") and The New York State Education Department ("SED"). Plaintiff's amended complaint seeks certification of a class action. The Board and SED have moved for summary judgment, contending that this Court lacks subject matter jurisdiction over the action, because plaintiff has not exhausted state administrative remedies. The SED concedes that plaintiff's claim concerning the propriety of certain state statutes implementing IDEA fits within the futility exception to the exhaustion doctrine. The SED addresses the merits of this claim. Plaintiff responds that genuine issues of fact exist and that the case is ripe for review.

### BACKGROUND

The uncontested facts are as follows. Plaintiff, an autistic child, was brought before the Board's Committee on Special Education ("CSE") for District 31 (Staten Island) in the spring of 1992. The CSE determined that the child needed special education, and implemented a plan that it believed provided a free appropriate public education ("FAPE") for the child. Plaintiff's mother, seeking the application of a more experimental therapy she believed necessary to target the child's autism, appealed the CSE's decision to the Impartial Hearing Office.

Upon discovering that the IHOs' salaries were paid by the Board, plaintiff refused to go forward with the appeal, and demanded a truly impartial hearing officer. When the Board refused to provide a substitute hearing officer plaintiff filed this action.

During the course of discovery it was revealed that clerical employees of the Board assigned to the Impartial Hearing Office retype the IHOs' decisions. The original drafts appear to be discarded after typing. The clerical employees, with the consent of the IHOs, sign the IHOs' names to the typed opinions, and initial them. The IHOs and the parties then receive copies of the typed opinion.

Plaintiff alleges two violations of IDEA and the state statutes implementing IDEA: (1) that the fact the IHOs are selected and paid by the Board renders them employees

of the Board and thus not properly independent in violation of IDEA, and (2) that the destruction of drafts of the IHOs' opinions, which plaintiff alleges form part of the public record, violates IDEA's implementing regulations. Defendants contend that because this lawsuit challenges the local school board's implementation of state and federal regulations, and not the state regulations themselves, remedies are available at the state administrative level. Thus, the defendants argue that this action should be dismissed for failure to exhaust state remedies. The SED concedes that plaintiff's claims challenging state statutes fit within the futility exception to the exhaustion requirement, and their brief addresses the merits of these issues.

### DISCUSSION

■ Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Eastman Machine Co. v. United States,* 841 F.2d 469, 473 (2d Cir.1988). A genuine issue of fact exists if there is sufficient evidence favoring the non-movant so as to enable a reasonable jury to find in its favor. See *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The evidence is to be viewed in the light most favorable to the non-movant. See *Oxley v. City of New York,* 923 F.2d 22, 24 (2d Cir.1991). The above standards will be applied in deciding this motion.

Defendants contend that they are entitled to judgment as a matter of law on plaintiff's claims challenging their implementation of IDEA because plaintiff has failed to exhaust state administrative remedies. Plaintiff responds that the exhaustion requirement is inapplicable here because the state administrative remedies could not provide the relief plaintiff seeks. Plaintiff therefore contends that the action falls within the futility exception to the exhaustion doctrine. Accordingly, the first issue the Court must address in deciding this motion is whether review of certain of the plaintiff's claims is barred by the exhaustion doctrine. The Court will then address the merits of any of plaintiff's claims which fall within the futility exception, including those claims the SED concedes fall within this exception.

■ Jurisdiction to review claims for violation of IDEA is vested in district courts only upon the exhaustion of available state administrative review. See 20 U.S.C. § 1415(e)(2); *Heldman v. Sobol,* 962 F.2d 148, 158 (2d Cir.1992); *Leonard v. McKenzie,* 869 F.2d 1558, 1563 (D.C.Cir.1989). Plaintiffs must exhaust all state administrative remedies under the Act, including administrative appeals provisions, before bringing a federal action to challenge the evaluation and placement of a child. See *id.; see also Riley v. Ambach,* 668 F.2d 635, 640 (2d Cir.1981); *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). The exhaustion doctrine serves several important purposes, including preventing courts from interrupting the administrative process, permitting the agency to apply its expertise to the problem, and allowing agencies to correct their own mistakes. See *Heldman,* 962 F.2d at 159 (citing *McKart v. United States,* 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969)).

■ It is, however, well recognized that the exhaustion requirement will be excused in cases where pursuit of administrative remedies would be futile, because the agency was acting in violation of IDEA or would be unable to remedy the alleged injury. See *id.* The Second Circuit has held that where a plaintiff challenges state regulations as violative of IDEA, and the administrative agency is bound to uphold these regulations, then exhaustion of administrative remedies would be futile, and the plaintiff could proceed directly to federal court. See *Heldman,* 962 F.2d at 159. Plaintiff cites *Heldman* in support of his position that the futility exception to the exhaustion doctrine applies in the instant case.

■ Defendant argues that *Heldman* does not apply in this action because plaintiff does not challenge the state regulations, but instead alleges a violation of the regulations by the local school board. In support of their position defendants cite Judge Bartels' decision in *Zachary Allen v. N.Y.C. Board of Education,* CV 93–709 (E.D.N.Y. June 17,

1993). In *Allen*, Judge Bartels faced virtually identical facts to those before the Court, down to a nearly identical complaint composed by the same counsel. The *Allen* plaintiff pursued virtually identical claims concerning the Board's conduct in performing clerical functions for the IHOs. *See id.*, slip op. at 3. Judge Bartels held that these allegations address the function of the local school board in effectuating the state regulations, not the regulations themselves. *See id.* at 5. The court held that "the hearing officers and the Commissioner would have the authority to require a change in [sic] such procedure if it were found to violate the due process requirements of the IDEA." *Id.* at 5–6. Thus the reviewing agency would have the power to grant the relief the plaintiff sought, and the futility exception would not apply. *See id.*

The Court finds Judge Bartels' persuasive opinion to be well reasoned and directly on point. As Judge Bartels correctly points out, the regulations require the Board to forward a complete record. *See id.* Plaintiff's claim solely attacks the Board's alleged failure to comply with this regulation by discarding the drafts. Should plaintiff successfully demonstrate that the Board failed to comply with this regulation the SED Appeals Board would have the authority to enforce the regulation and grant plaintiff relief. To the extent that the claims address solely the Board's implementation, the Court, pursuant to the above analysis, grants summary judgment under the exhaustion doctrine.

■ Judge Bartels, however, held that the claims concerning impartiality, which stem from the fact that the Board selects and pays the IHOs, reached beyond the Board's implementation, and also challenged the requirements of the regulations themselves. *See id.* Under this analysis, the defendants, bound to follow the state laws and regulations, would be unable to provide the relief sought by plaintiff, placing these claims squarely within the futility exception. *See id.; see also Heldman*, 962 F.2d at 159. Judge Bartels held that the district court could exercise subject matter jurisdiction over the impartiality claims. *See id.* Again the Court agrees with Judge Bartels' analysis, and concludes that

the Court must reach the merits of any claim purporting to challenge the validity of the state implementing statutes. Although the plaintiff does not explicitly make a challenge to the state law in his complaint, the challenge is made in plaintiff's opposition to the defendants' motion for summary judgment. The SED concedes jurisdiction on this issue, and argues for summary judgment on the merits. In an abundance of caution the Court will, therefore consider the merits of the issue.

■ In addressing the merits of the issue of whether New York State Public Education Law § 4404 violates IDEA by permitting the Board to appoint and pay the IHOs, the Court must look to the language of IDEA and its implementing regulations. Plaintiff argues that § 4404 violates IDEA because allowing the Board to appoint and pay the IHOs effectively makes them employees of the Board. IDEA does not permit employees of the Board to serve as IHOs. *See* 20 U.S.C. § 1415(b)(2). The regulation promulgated by the United States Department of Education implementing this section provides that "a person who otherwise qualifies to conduct a hearing under paragraph (a) of this section is not an employee of the agency solely because he or she is paid by the agency to serve as a hearing officer." 34 C.F.R. § 300.507(b). The Department of Education's interpretation of this section is entitled to great deference. *See Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) ("if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute"). The Court may only determine whether "the agency's construction is rational and consistent with the statute." *NLRB v. Food and Commercial Workers*, 484 U.S. 112, 123, 108 S.Ct. 413, 416, 98 L.Ed.2d 429 (1987).

The Second Circuit has specifically upheld this regulation as sufficiently protecting the parents' right to an unbiased hearing officer. *See Heldman*, 962 F.2d at 155. The same regulation also requires the state education authorities to each keep lists of the IHOs and

monitor their qualifications. *See* 34 C.F.R. § 300.507(c). IDEA permits state law to determine whether the local or intermediate state education unit will hold the impartial hearing. *See* 20 U.S.C. § 1415(b)(2). Nowhere in IDEA or its implementing regulations is a ban imposed on permitting the local board to appoint or pay the IHOs. In fact, § 1415(a) requires both state and *local* educational agencies to implement procedural safeguards. New York State Education Law § 4404(1), requiring the local board to appoint *impartial* hearing officers (emphasis added), is directly authorized by IDEA, 20 U.S.C. § 1415.

Finally, the Court notes that federal common law[1] recognizes that neither appointment and nor payment of an individual by an entity are the determinative factor in deciding whether that person is an employee of the entity. *See Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1244–45 (5th Cir.1988). The determinative factor is the entity's ability to exert control over the individual. *See id.* In this action plaintiff fails to demonstrate a single issue of fact indicating that section 4404 allows defendants to exert control over the IHOs as employees.

Based upon the foregoing, the Court finds that this section is in keeping with IDEA's due process requirements as a matter of law. Thus, the Court grants the defendants' motions for summary judgment on this claim as well.

## CONCLUSION

It is HEREBY ORDERED that pursuant to the above analysis defendants' motions for summary judgment are GRANTED entirely. SO ORDERED.

---

1. Federal common law is binding on both procedural and substantive issues in non-diversity actions.