In the Matter of SEYMOUR COHEN, Appellant, v STATE TAX COMMISSION, Respondent.

Third Department, January 29, 1976

*Richard S. Bernstein* and *Julius Krumholz* for appellant.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J. The petitioner, within the four-month period for judicial review of a March 6, 1974 determination of the respondent, sought to institute this special proceeding by service of a notice of petition and petition upon the Attorney-General. The question is whether or not such service is sufficient to stop the running of the Statute of Limitations as against the respondent Tax Commission.

CPLR 203 (subd [a]) provides that time limitations are to be computed until the time when the claim is interposed. CPLR 203 (subd [b]) provides among other things that a claim is interposed against a defendant or a codefendant united in interest with him when: "1. the summons is served upon the defendant."

CPLR 403 (subd [c]) provides that a notice of petition is to be served in the same manner as a summons; and CPLR 312 provides that personal service upon the respondent herein must be made by delivery of the notice of petition to its presiding officer, secretary, or clerk, if any, or to any one of its members. No such service was made on the respondent.

The Legislature by chapter 752 of the Laws of 1972 amended CPLR 7804 so as to provide in subdivision (c) thereof that a notice of petition and the petition must not only be served upon adverse parties but also upon the Attorney-General. The petitioner contends that this change in the law in 1972 is sufficient to stop the running of the Statute of Limitations pursuant to CPLR 203 (subd [b]) as referred to hereinabove when the Attorney-General is served.

In its decision, Special Term noted that the Attorney-General does not act in the capacity of counsel for *all* of the State officers and agencies and, while the observation is apt, the statute certainly makes such service proper in all instances whether or not the courts might eventually hold it to be essential for jurisdictional purposes.

The Attorney-General upon this appeal states that the sole purpose of the amendment requiring additional service upon him pursuant to the said section 7804 of a notice of petition is to ensure timely notice to his office of pending proceedings requiring timely appearances and/or opposition by him. The language used in the amendment conforms to such a purpose by making the service upon the Attorney-General additional.

In the case of *Matter of Chem-trol Pollution Servs. v Ingraham* (42 AD2d 192, 194, mot for lv to app den 33 NY2d 516) the court considered whether or not the Statute of Limitations would be tolled by timely service upon the particular State officer but untimely served upon the Attorney-General and found that "both represent departments of the State government and they stand in such a relationship that proper service upon one stops the running of the period of limitations for purposes of the statute." The present case involves proper service only upon the Attorney-General. We agree with the statement by Special Term that, under ordinary circumstances, service of process upon the prospective counsel for a party to an action does not confer jurisdiction upon the court and that, therefore, timely service upon the Attorney-General does not constitute such service as to thereafter permit late service upon the named respondent, i.e., State Tax Commission.

The judgment should be affirmed, without costs.

GREENBLOTT, KANE, KOREMAN and MAIN, JJ., concur.

Judgment affirmed, without costs.