■ HARRY D. GRAHAM, as Assignee of CHEZ YVONNE-L'ESCARGOT, INC., Respondent, v SYLVAN LAWRENCE COMPANY, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered

September 16, 1980 in Ulster County, which denied defendants' motion for change of venue and granted plaintiff's cross motion for summary judgment to the extent of dismissing defendants' first and third complete affirmative defenses. At the conclusion of a 15-year commercial lease of premises located in New York City, owned by defendant Stonewall Realty, Inc., and managed by defendant Sylvan Lawrence Company, Inc., the lessee's demand for return of its security deposit was rejected. Defendants maintained that the lessee, Chez Yvonne-L'Escargot, Inc., a corporation having its principal place of business in the city, failed to make repairs to the sidewalk and failed to leave the premises in the condition required by the lease. The lessee assigned its claim to the security deposit to its attorney, the plaintiff herein, and he commenced suit in Ulster County, his county of residence. Since both defendants had their principal offices in New York County, they timely asserted a demand to have venue changed to that county. Defendants also requested and were granted a two-week extension of time to interpose an answer. The answer, in its first complete affirmative defense, alleges lack of personal jurisdiction of the defendants due to improper service of process. The stipulation extending their time to answer did not effect a waiver of their right to challenge the validity of the service of process (see *Becker v Lesnick*, 96 Misc 2d 819). With regard to the jurisdictional defense, there is a factual dispute regarding the receptionist's authority to accept service on behalf of defendants. Furthermore, the record is barren of any indication of what efforts plaintiff first made to serve the proper corporate officers, thus furnishing no basis on which to determine whether the "redelivery" of process to the defendants constituted proper service. Because a proper analysis of the challenge to the validity of that service could not be made without a hearing (see *Colbert v International Security Bur.,* 79 AD2d 448), we conclude that the first complete affirmative defense was erroneously dismissed. Improper venue being neither an affirmative defense nor a ground for dismissing the complaint, the so-called "third complete affirmative defense" was properly dismissed. Since there must be a hearing to resolve the jurisdictional defense, the charges of impropriety regarding the purpose of the assignment of the action to the plaintiff and the claim by plaintiff that defendants commingled the security deposit should be resolved at the hearing, since these issues impact on the question of proper venue. Order modified, on the law and the facts, by striking the first ordering paragraph and by substituting therefor a provision directing that decision on defendants' motion for change of venue and plaintiff's cross motion, to the extent it seeks to strike the first affirmative defense in the answer, be withheld, and that a hearing be conducted regarding the validity of the service of process, the propriety and purpose of the assignment and the claim by plaintiff that defendants commingled the security deposit, and by reversing so much of the second ordering paragraph as grants plaintiff's cross motion to strike the first affirmative defense, and, as so modified, affirmed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.