■ In the Matter of JIMMY JONES et al., Appellants, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Doran, J.), entered June 16, 1981 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction. While an inmate and serving a life sentence, petitioner Jimmy Jones married. He and his claimed spouse, petitioner Nedra Jones, appearing *pro se,* challenged respondent's disapproval of their application to participate in the family reunion program at the Eastern Correctional Facility. They attempted to commence this proceeding by serving a notice of petition with supporting papers, by certified mail, on the Attorney-General. No papers were ever served upon respondent. Service on the Attorney-General alone did not confer jurisdiction over respondent (*Matter of Cohen v State Tax Comm.,* 51 AD2d 79). The attempted service was

additionally ineffectual for, admittedly, it was made by mail (*Matter of Montgomery v Fogg,* 74 AD2d 933). Nor is there substance to petitioners' suggestion that the Assistant Attorney-General's correspondence with petitioners' inmate law clerk, noting that responding papers would be served in due course and outlining the extent of the latter's authority to act on behalf of the petitioning inmate, constituted an appearance by reason of which respondent thereby waived all jurisidictional objections (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 320:4, p 365). Inasmuch as personal jurisdiction was lacking, the petition was properly dismissed. Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.