(July 28, 1988)

■ In the Matter of STEVEN SOMLO et al., Respondents, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OF-

FICE OF RENT ADMINISTRATION, Appellant.—Order, Supreme Court, New York County (Blyn, J.), entered May 4, 1987, which denied respondent-appellant's cross motion to dismiss the petition in this CPLR article 78 proceeding, unanimously reversed, on the law, and the petition dismissed as barred by the Statute of Limitations, without costs.

Petitioners are the owners of a rent-stabilized building at 323 E. 90th Street in New York County, having taken title on or about May 1, 1985. Petitioner Fine had acted as vice-president and managing agent of the former owner and continued to so act when he became one of the owners. On October 16, 1985, after one of the tenants of the apartment had filed a rent overcharge claim with respondent's predecessor, the Conciliation and Appeals Board (CAB), the District Rent Administrator of the respondent issued an order finding that there had been a rent overcharge, directing a rent reduction and directing a refund of $9,126.14 for the period of May 5, 1982 through October 4, 1985, including treble damages for the period on or after April 1, 1984. Following a petition for administrative review (PAR) by the petitioners, on November 25, 1986, the respondent's Deputy Commissioner reduced the refund to $4,636.66, and, while noting that the overcharges would ordinarily be apportioned between the new owners and the old owners, found that there was collusion and refused to apportion. (9 NYCRR 2526.1 [f] now requires that a current owner be responsible for all overcharges, including those collected by prior owners.)

Petitioners had 60 days from the date of the November 25, 1986 determination in which to commence this article 78 proceeding (Administrative Code of City of New York § 26-516 [d]). The 60-day period ended on Saturday, January 24, 1987 and the period for commencing this proceeding was therefore extended to Monday, January 26, 1987. On that Monday, the Attorney-General of the State of New York was served but not the respondent. Respondent was served on Tuesday, January 27, 1987. In order to properly commence the proceeding, service had to be made upon the respondent and specifically upon the office of respondent's counsel at respondent's principal office. (See, CPLR 7804 [c]; 9 NYCRR 2510.12, which was applicable to New York City until May 1, 1987.) Service upon the Attorney-General alone on January 26, 1987 did not constitute service upon the respondent agency. (See, Matter of Corbisiero v New York State Tax Commn., 82 AD2d 990 [3d Dept 1981], affd 56 NY2d 680 [1982]; Matter of Upstate Milk

*Coops. v State of New York Dept. of Agric. & Mkts.,* 101 AD2d 940 [3d Dept 1984], *lv denied* 63 NY2d 604.)

On this appeal petitioners argue for the first time that service upon the respondent agency was timely since they had five days from November 25, 1986 to serve respondent by mail. Suffice it to say that in the motion court, petitioners conceded that they had 60 days from November 25, 1986 to begin this proceeding. Concur—Murphy, P. J., Kupferman, Sullivan and Smith, JJ.