■ DONALD R. JERMOSEN, Respondent, v STATE OF NEW YORK, Appellant.—Per Curiam. Appeal from an order of the Court of Claims (Lyons, J.), entered November 27, 1990, which denied the State's motion to dismiss the claim.

Claimant, an inmate in the State prison system, commenced this action in the Court of Claims seeking damages for personal injuries allegedly received as the result of his illegal confinement in the special housing unit (hereinafter SHU) and in keeplock at Elmira Correctional Facility in Chemung County from May 17 to May 30, 1989. The disciplinary determination, which resulted in the SHU confinement, was administratively reversed on May 17, 1989 and claimant contends he was placed in keeplock in the general population until May 30, 1989. The State filed an answer which denied the allegations of the claim and raised affirmative defenses.

In response to claimant's first discovery demand, which the State viewed as burdensome and irrelevant, the State moved, pursuant to CPLR 3103, for a protective order to compel claimant to pay in advance for documents to be produced or

photocopies requested. Claimant responded to the State's motion by sending the State's attorney a letter couched in the most scurrilous, foul, filthy and threatening language possible. Similar insults and other threats against the person of the Assistant Attorney-General followed. On July 12, 1991 a jury in Federal court convicted claimant of six counts of violating 18 USC § 876 involving the mailing of these threatening communications.

The State moved to dismiss the claim in the interest of justice, arguing that claimant is using the judicial system as a tool to commit criminal acts of aggravated harassment under a claim that his documents involved in the lawsuit are privileged. The Court of Claims denied the State's motion, concluding that sanctions are not authorized by 22 NYCRR part 130 for the conduct alleged. The State appeals from the order denying its motion to dismiss.

We reverse and dismiss the claim. 22 NYCRR 130-1.1 (c) provides that "conduct is frivolous if * * * (2) it is undertaken primarily to delay or *prolong the resolution of the litigation, or to harass or maliciously injure another*" (emphasis supplied). Claimant's conduct here is so vituperative, debasing, insulting and threatening as to infect the integrity of the judicial process. Its only purpose could be harassment. Such conduct by a claimant who seeks relief from our judicial system will not be tolerated. The appropriate remedy for such abuse is to dismiss the claim under this court's inherent powers *(see, Gabrelian v Gabrelian,* 108 AD2d 445, 448-449, *appeal dismissed* 66 NY2d 741).

Casey, J. P., Weiss, Levine, Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted and claim dismissed.