PATRICIA L. HANLEY, Respondent, v NEW YORK STATE EXECU-
TIVE DEPARTMENT, DIVISION FOR YOUTH, AUSTIN MACCOR-
MICK CENTER, Appellant.

Third Department, October 22, 1992

318

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Nancy A. Spiegel* of counsel), Albany, for appellant.

*Holmberg, Galbraith, Holmberg, Orkin & Bennett (Anna K. Holmberg* of counsel), Ithaca, for respondent.

## OPINION OF THE COURT

HARVEY, J.

In November 1989, plaintiff was hired as a probationary teacher at Austin MacCormick Center, a youth detention facility operated by defendant in the Town of Brooktondale,

Tompkins County. Plaintiff's employment was terminated in May 1990, reportedly because her employer was dissatisfied with her work performance. Plaintiff thereafter commenced this action alleging that she was actually fired in retaliation for having reported various incidents of suspected child abuse to her supervisors in April 1990 and for having reported one such incident to the State Department of Social Services by way of that agency's child abuse hotline. Plaintiff brought her action pursuant to both Civil Service Law § 75-b and Labor Law § 740. This was because, as a probationary employee ineligible to proceed pursuant to Civil Service Law § 75, plaintiff could commence her action "under the same terms and conditions as set forth in [Labor Law article 20-C]" (Civil Service Law § 75-b [3] [c]). Plaintiff commenced her action by serving the summons and complaint upon an Assistant Attorney-General.[1] Defendant answered and interposed the affirmative defenses of, *inter alia,* failure to state a cause of action and failure to acquire personal jurisdiction because plaintiff allegedly did not serve anyone authorized to accept service on defendant's behalf. Plaintiff's subsequent motion to dismiss defendant's affirmative defenses was granted and this appeal followed.

■ Initially, we reject defendant's contention that plaintiff's service of the summons and complaint on the Attorney-General's office was insufficient to acquire personal jurisdiction over defendant. While it is true that service upon the Attorney-General is insufficient to confer jurisdiction over a named State agency in CPLR article 78 proceedings (CPLR 7804 [c]; *see, e.g., Matter of Civil Serv. Empls. Assn. v Albrecht,* 180 AD2d 183, 184-185; *Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts.,* 101 AD2d 940, 942, *lv denied* 63 NY2d 604; *Matter of Cohen v State Tax Commn.,* 51 AD2d 79, 81), the instant matter is an action, not a proceeding. Significantly, neither the Labor Law nor the Civil Service Law provisions under which plaintiff brought suit require dual service. Moreover, there is no specific legislation pertaining to defendant which requires personal service upon defendant's designees in order to confer jurisdiction upon defendant *(cf.,* Agriculture and Markets Law § 258-d). Accordingly, this action is bound by the clear language of the general service

---

1. Plaintiff also served the director of the facility where she was employed even though the facility was not a named defendant.

statute, CPLR 307.[2] This statute, construed as a whole, provides essentially that personal service upon a State agency shall be made within the State by service upon the Attorney-General or an Assistant Attorney-General, unless there is specific legislation "*also* requir[ing] personal service upon a specified officer of a state agency to effect service on such agency" (CPLR 307 [2] [emphasis supplied]). In the absence of specific legislation requiring dual service in this case, timely service upon an Assistant Attorney-General was sufficient for jurisdiction to be obtained.

■ Turning to the merits, we agree with Supreme Court that plaintiff's claim is governed by the standards set forth in Civil Service Law § 75-b and not Labor Law § 740. We note that both statutes prohibit employers from taking retaliatory actions against their employees for disclosing wrongful activities by their employers. While the statutes are similar, Civil Service Law § 75-b applies only to public employees and the Legislature expanded the scope of that statute in 1986 by adding Civil Service Law § 75-b (2) (a) *(see,* L 1986, ch 899, § 1). Pursuant to this section, plaintiff brought her action under the provision allowing suit where an employee discloses to a government body information "which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action" (Civil Service Law § 75-b [2] [a] [ii]). Defendant contends, however, that because plaintiff was a probationary employee who commenced her action under the "terms and conditions" of Labor Law § 740 *(see,* Civil Service Law § 75-b [3] [c]), she was not entitled to state a cause of action under Civil Service Law § 75-b (2) (a) (ii). Defendant asserts that plaintiff could only proceed under the Labor Law's retaliatory action statute which contains no similar provision.

We cannot agree with defendant's arguments. It is clear from a reading of Civil Service Law § 75-b (1) (b) that plaintiff was a "public employee" as defined by that statute and therefore entitled to its protection. Significantly, the definition of public employee contained therein does not distinguish

---

2. Although we find the meaning of CPLR 307 to be unambiguous and, therefore, resort to the legislative history of the statute and its amendment is unnecessary *(see, Matter of Williams v Van Derzee,* — AD2d —, —, 1992 NY Slip Op 3742 [3d Dept, July 23, 1992]), defendant argues otherwise. However, even if the statute's meaning is ambiguous, our review of the legislative history provides us with no compelling reason to change our interpretation.

between probationary and permanent employees in determining who is covered. The fact that plaintiff commenced her action in the form prescribed by Labor Law § 740 makes no difference. It is evident that the phrase "terms and conditions" referred to in Civil Service Law § 75-b (3) (c) refers only to the terms and conditions in Labor Law § 740 relevant to commencement of the action as well as to employee remedies. Such an interpretation is wholly consistent with the direction of Civil Service Law § 75-b (4), which states that none of the provisions in the statute should be read so as to diminish or impair a public employee's rights. Such diminishment would occur if we accorded Civil Service Law § 75-b (3) (c) the interpretation urged by defendant. It must be remembered that Civil Service Law § 75-b (2) (a) was not only added to protect public employees; it was also added to protect the public by making it easier for an employee to report suspected abuse (see, Governor's Mem, 1986 McKinney's Session Laws of NY, at 3215). This purpose would be thwarted if we approved an arbitrary distinction between probationary and permanent public employees that was not intended by the Legislature.

WEISS, P. J., MIKOLL, YESAWICH JR. and CREW III, JJ., concur.

Ordered that the order is affirmed, with costs.