■ In the Matter of the Arbitration between TIMOTHY HITCHCOCK, Appellant, and STATE OF NEW YORK et al., Respondents. [598 NYS2d 576] —Appeal from an order of the Supreme Court (Torraca, J.), entered February 6, 1992 in Albany County, which, in a proceeding pursuant to CPLR 7511, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

In seeking to vacate an arbitration award in respondents' favor, petitioner served his notice of petition and petition only upon an Assistant Attorney-General. Respondents moved to dismiss contending that this service was insufficient to acquire personal jurisdiction over respondent Department of Correctional Services (hereinafter DOCS). Supreme Court granted the motion and this appeal followed.

We reverse. Initially, we note that because this is not a CPLR article 78 proceeding, the general service requirements of CPLR 307 are applicable. As we recently pointed out in *Hanley v New York State Executive Dept., Div. for Youth* (182 AD2d 317), CPLR 307 provides for personal service upon a State agency by serving either the Attorney-General or an Assistant Attorney-General unless there is a specific statutory requirement that service also be made upon a specified officer of a State agency *(supra)*. Here, CPLR article 75, which is the basis for petitioner's application, does not require such dual service. In addition, there is no specific legislation requiring personal service upon a designee of DOCS in order to confer jurisdiction over it. Thus, the timely service upon an Assistant Attorney-General was sufficient for personal jurisdiction to be obtained and it was error for Supreme Court to dismiss the petition.

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.