**Emon DAWKINS, Plaintiff,**

v.

**John F. HUDACS, as Commissioner of Labor for Division of Employment and Unemployment, Defendant.**

**Civ. No. 93–CV–1297(FJS).**

United States District Court, N.D. New York.

Dec. 13, 1994.

This action was commenced in the Northern District of Florida on July 5, 1994.

Emon Dawkins, pro se.

G. Oliver Koppell, Atty. Gen. of the State of N.Y., Brooklyn, NY (Anne L. Buckborough, Asst. Atty. Gen., of counsel), for defendant.

## DECISION AND ORDER

SCULLIN, District Judge:

Presently before the court is the defendant's motion to dismiss the complaint for, *inter alia,* ineffective service of process. On June 24, 1994, the court rendered an oral decision quashing the plaintiff's service of a summons on the Attorney General of the State of New York and directing that the plaintiff had thirty days from that date to effect proper service on the defendant pursuant to New York Civil Practice Law and Rules § 307. The court also dismissed the action as against defendants New York State Unemployment Insurance and New York State Unemployment Services. In rendering its decision, the court expressly stated that "[i]f the plaintiff fails to properly serve the Defendant Hudac [sic] within the 30–day period, the action will be dismissed in its entirety." Transcript at 5.

On August 29, 1994, the defendant's counsel wrote to the court representing that the plaintiff had once again failed to comply with the mandate of Fed.R.Civ.P. 4(d)(6) or CPLR § 307 in that he had simply served the state Attorney General by mail in lieu of the personal service required by those rules. Further, service was accomplished by plaintiff himself in violation of the strictures of Fed. R.Civ.P. 4(c)(2) and CPLR § 2103. In his October 4, 1994 response to the defendant's submission, the plaintiff affirmed that he had attempted to serve the defendant by mailing a copy of the summons and complaint to the state Attorney General. However, he maintained that this satisfied the requirements of CPLR § 307.

The court disagrees and finds that the plaintiff has failed to properly effect service on the defendant. As the court pointed out in its June 24, 1994 decision, CPLR § 307 plainly states where a state officer is sued in his official capacity, service on that officer may be effected in one of two ways. First, that officer or a person designated by him may be personally served. Second, the officer may be served by certified mail and personal service made on an assistant state attorney general. There is no dispute that neither method of service has been followed in this matter. Further, service on the state attorney general does not constitute service on a state agency. *See, e.g., Somlo v. State Div. of Housing & Community Renewal,* 142 A.D.2d 535, 531 N.Y.S.2d 3 (1st Dep't.1988), *app. denied,* 73 N.Y.2d 705, 537 N.Y.S.2d 493, 534 N.E.2d 331 (1989). Moreover, the fact that a defendant has notice of a lawsuit does not remedy defective service. *Martin v. New York State Dep't. of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir.1978). Thus, this action is dismissed without prejudice.

Therefore, it is hereby

ORDERED that the defendant's motion to dismiss the complaint is GRANTED.

**IT IS SO ORDERED.**