■ Daniel R. Hodge, Appellant, v State of New York, Respondent. (Claim No. 86413.) [622 NYS2d 1016] —Cardona, P. J. Appeal from an order of the Court of Claims (Benza, J.), entered October 8, 1993, which, upon reconsideration, adhered to its prior decision granting the State's motion to dismiss the claim.

Claimant properly filed and served a notice of intention to file a claim on August 2, 1990. On November 27, 1992, he mailed a claim by U.S. Postal Service Express Mail to the

Attorney-General's Office. By stipulation, the parties extended the State's time to answer or move against the claim and, thereafter, the State moved to dismiss the claim upon the ground that the claim was improperly served. Claimant cross-moved for summary judgment. The Court of Claims granted the motion and denied the cross motion. Claimant moved for reconsideration. The court granted the motion, adhered to its earlier decision and denied claimant's oral motion (made Aug. 4, 1993) to have his notice of intention deemed a claim. Claimant appeals.

Claimant contends that as he properly served his notice of intention, Court of Claims Act § 11 (a) permits him to serve the claim by other means, i.e., express mail. Claimant argues that the use of the conjunction "or" at the beginning of Court of Claims Act § 11 (a) ("The claim *or* notice of intention shall be filed" [emphasis supplied]) supports this conclusion. We disagree.

A reading of Court of Claims Act § 11 (a) reveals that the questioned "or" should be construed as "and" in the sense that both notices of intention and claims are subject to the requirements of the section, even though the use of a notice of intention is optional. Standard rules of statutory construction provide that "or" and "and" may be construed as interchangeable when necessary to effectuate apparent legislative intent *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 365). Such is the situation here.

Contrary to the implication raised by claimant, no action was pending against the State until the claim was served *(see, Jackson v State of New York,* 85 AD2d 818, *lv dismissed, lv denied* 56 NY2d 568). Claimant's notice of intention merely extended the 90-day limitations period in which to commence a claim *(see, Kaplan v State of New York,* 152 AD2d 417, 419-420). Service of a claim which is not in accordance with Court of Claims Act § 11 does not confer personal jurisdiction over the State and no action is commenced *(see, Sciarabba v State of New York,* 152 AD2d 229, 231). Alternative mailings which do not equate to certified mail, return receipt requested, are inadequate and do not comply with Court of Claims Act § 11 (a) *(see, Charbonneau v State of New York,* 178 AD2d 815, 816, *affd* 81 NY2d 721; *Bogel v State of New York,* 175 AD2d 493, 494; *Baggett v State of New York,* 124 AD2d 969; *Byrne v State of New York,* 104 AD2d 782, 784, *lv denied* 64 NY2d 607; *Schaeffer v State of New York,* 145 Misc 2d 135). In no event can Court of Claims Act § 11 (a) be interpreted as subjecting the State to personal jurisdiction by any of a variety of

unidentified alternative methods of service to be chosen by a claimant in his or her discretion *(see, Dreger v New York State Thruway Auth.,* 81 NY2d 721, 724).

Within claimant's argument is the contention that the Court of Claims abused its discretion in refusing to treat the notice of intention as a claim *(see,* Court of Claims Act § 10 [8]). A review of the notice of intention reveals a confusing discourse of conclusory allegations with cross-references to voluminous documents from which it is impossible to decipher a viable cause of action *(see, Artale v State of New York,* 140 AD2d 919; *see also, Jermosen v State of New York,* 178 AD2d 810; *Waters of Saratoga Springs v State of New York,* 116 AD2d 875, *affd* 68 NY2d 777). The Court of Claims did not abuse its discretion in denying claimant's oral motion.

Claimant's remaining contention, that the parties' stipulation extending the State's time to answer or otherwise move against the claim equates to a waiver of personal jurisdiction objections, has no merit *(see, Graham v Sylvan Lawrence Co.,* 82 AD2d 980, 981).

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs. *[See,* 158 Misc 2d 438.]