■ In the Matter of NW LIQUIDATING CORP., Appellant, v INDUSTRIAL BOARD OF APPEALS et al., Respondents. [624 NYS2d 46] —In a proceeding pursuant to CPLR article 78 to review a determination of the Industrial Board of Appeals, dated December 2, 1992, which, after a hearing, modified an Order to Comply of the New York State Commissioner of Labor, the petitioner appeals from a judgment of the Supreme Court, Queens County (Milano, J.), dated June 3, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this proceeding to challenge an order of the New York State Department of Labor's Industrial Board of Appeals (hereinafter the IBA), which, after a hearing, upheld a determination of the Commissioner of Labor that the petitioner had violated Labor Law § 193 by, among other things, deducting certain expenses from its employees' paychecks. The Department of Labor (hereinafter the DOL) moved to dismiss the petition on the ground that the IBA was not personally served. Following a hearing on the issue of service, the Supreme Court determined that the IBA was personally served by delivery of a copy of the papers to an employee of the DOL who indicated that she could accept service for the IBA. The court dismissed the proceeding, however, on the ground that the DOL was a necessary party and was not properly served.

It is undisputed that only one copy of the petition and supporting papers was delivered by the process server to the DOL employee. We agree with the Supreme Court that personal service on the IBA did not confer jurisdiction over the DOL (see, Matter of Dawn Joy Fashions v Commissioner of

*Labor of State of N. Y.,* 181 AD2d 968; *see also, Raschel v Rish,* 69 NY2d 694). The petitioner failed to establish that delivery of the papers to a director of the DOL by Federal Express overnight mail met the statutory requirements for service on the DOL *(see,* CPLR 312-a, 307; *LaFrance v State of New York,* 147 AD2d 985; *Hodge v State of New York,* 158 Misc 2d 438; *see also, Matter of Figaro v New York State & Local Retirement Sys.,* 203 AD2d 678). Because the DOL was a necessary party to this proceeding and was not properly served, dismissal of the petition was proper *(see, Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y., supra).* O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.