Brian Ross BERKOWITZ, a handicapped child, by his parent and guardian, Sharon BERKOWITZ; Michael Andrew DiGuardia, a handicapped child, by his parent and guardian, Helen DiGuardia; Joseph Horan, a handicapped child, by his parent and guardian, William Horan; Christopher Saperstein, a handicapped child, by his parent and guardian, Kathy Saperstein, on behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

**The NEW YORK CITY BOARD OF ED-UCATION, and The New York State Education Department, Defendants.**

No. 95–CV–729 (JS).

United States District Court,
E.D. New York.

April 3, 1996.

Steven P. Sanabria, Forest Hills, NY, for Plaintiffs.

Judith McCarthy, Assistant Corporation Counsel, Corporation Counsel of the City of New York, New York City, Clement J. Colucci, Assistant Attorney General, Attorney General of the State of New York, New York City, for Defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

In the present case, plaintiffs Brian Ross Berkowitz, Michael Andrew DiGuardia, Joseph Horan, and Christopher Saperstein, all minor autistic children enrolled in the New York City public school system, by their respective parents and guardians, seek injunctive relief and monetary damages against defendants The New York City Board of Education [the "Board"] and The New York

State Education Department [the "SED"], pursuant to the following statutes: (i) the Individuals with Disabilities Education Act ["IDEA"], 20 U.S.C. § 1400 *et seq.*, (ii) section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, (iii) 42 U.S.C. § 1983, and (iv) section 4401 *et seq.* of the New York Education Law. The plaintiffs contend that the defendants violated their due process rights by failing to conduct impartial hearings concerning their placements in the New York City public schools. Specifically, the plaintiffs allege that the defendants violated their procedural rights in the following ways: (i) by failing to assign impartial hearing officers pursuant to a rotational system; (ii) by failing to maintain the original handwritten decisions issued by the impartial hearing officers retained by the Board; (iii) by permitting payment to be made to impartial hearing officers retained by the Board; and (iv) as a result of the Board's requirement that each impartial hearing officer be an attorney. The plaintiffs have fashioned their complaint as a putative class action which purports to assert claims on behalf of similarly situated persons.

Pending before the Court are two separate motions to dismiss the complaint that have been filed by the Board and the SED. The Board's motion is unopposed by the plaintiffs. In addition, the plaintiffs, among other things, have improperly served the SED, and fail to address the SED's contention that the statute of limitations has expired.

### FACTUAL BACKGROUND

The plaintiffs are preschool-age autistic children, residing in the City of New York, who are in need of special education, to which they are entitled under IDEA, and the New York Education Law. *See* Compl. ¶¶ 5–8. The Board's Committee on Preschool Education ["CPSE"] recommended placements for these children with which their parents disagreed. *See id.* ¶ 32.

The respective plaintiffs appealed the CPSE's recommendations of placement to the Board's Impartial Hearing Office. *See id.* ¶ 35. In each instance, the attorney for the plaintiffs requested that a "truly impartial hearing officer be appointed to conduct

the hearing and that the hearing officer be appointed pursuant to the New York Code of Rules and Regulations, specifically an Emergency Rule [i]mplemented September 28, 1993." *Id.* ¶ 35. The plaintiffs allege that as of the date of the filing of their complaint in this action, the Board has not responded to their request that impartial hearing officers ["IHOs"] be assigned on a "rotational" basis. *See id.* ¶ 36.

The plaintiffs appealed the IHO's decision not to recuse herself to the SED. By decision dated July 28, 1994, the State Review Officer, Daniel W. Szetela, affirmed the IHO's decision not to recuse herself. *See id.* ¶ 3. The State Review Officer found that the method used by the defendant Board to select impartial hearing officers did not violate § 4404(1) of the New York Education Law, did not violate plaintiffs' due process rights under the IDEA, and that the hearing officer was impartial. *See* Pls.' Mem. of Law, Ex. 2, at 6–8 (No. 94–14, decision of State Review Officer Daniel W. Szetela dated July 28, 1994). The State Review Officer did not address the issue of the legality of the requirement that IHOs be attorneys, as he found that this issue was not appropriately raised in the petition or preserved for review. *See id.* at 3–4. Accordingly, both defendants concede that the plaintiffs have exhausted their administrative remedies, except for their claims concerning the requirement that IHOs be attorneys.

In their complaint, the plaintiffs allege that both the Board and the SED violated their due process rights as a result of four separate Board policies or practices. First, plaintiffs assert that the Board's system of selecting IHOs violates state law and IDEA's guarantee of due process in the educational placement of children with disabilities. *See* Compl. ¶¶ 32–40. Second, plaintiffs complain that Board employees, after typing up IHO decisions from handwritten originals, sign the typed decisions after the IHOs review them and then destroy the originals. *See id.* ¶¶ 42–52. Third, plaintiffs contend that because the IHOs are paid by the Board, they are *de facto* "employees" of the Board, and therefore are prohibited from conducting

such hearings by 20 U.S.C. § 1415(b)(2).[1] *See* Compl. ¶¶ 54–62. Fourth, plaintiffs assail the Board's requirement that IHOs be attorneys. *See id.* ¶¶ 64–65. In addition to asserting claims under IDEA and the New York Education Law, the plaintiffs further contend that the above four claims also give rise to separate causes of action, and remedies, under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. *See* Compl. ¶¶ 66–67 (Rehabilitation Act claim), 68–69 (§ 1983 claim).

## DISCUSSION

### I. Standards Governing Motion to Dismiss

█ A district court should grant a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff, and accept these allegations as true. *Id.,* at 492 U.S. at 249, 109 S.Ct. at 2906; *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed.R.Civ.P. 8(a)(2) to demonstrate liberal system of 'no-

tice pleading' employed by the Federal Rules of Civil Procedure).

### II. Defendant Board's Motion to Dismiss the Complaint

█ Defendant New York City Board of Education moves to dismiss the plaintiffs' complaint in its entirety, and asserts six separate grounds therefor. This motion is unopposed by the plaintiffs, and a review of the Court file reveals that the plaintiffs repeatedly have been informed by each of the defendants of their failure to serve a response to this motion. Because the plaintiffs are represented by counsel, and have received ample notice of the pendency of the Board's motion against them, the Court hereby GRANTS by default the Board's motion to dismiss the complaint pursuant to Local Civil Rule 3(b) of the Eastern District of New York.[2]

### III. Defendant SED's Motion to Dismiss the Complaint

The New York State Education Department also moves to dismiss the plaintiffs' complaint in its entirety, and asserts several grounds in support of its application. First, the SED contends that this Court lacks personal jurisdiction over it because it was improperly served. Second, the defendant asserts that this action is barred by the statute of limitations. Third, the SED contends that the plaintiffs have failed to exhaust their administrative remedies with respect to Count IV of the Complaint, which assails the policy of the New York City Board of Education requiring IHOs to be attorneys. Fourth, the defendant, relying on a 1994 decision of this Court granting summary

---

**1.** 20 U.S.C. § 1415(b)(2) provides in pertinent part as follows:

[T]he parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. *No hearing* conducted pursuant to the requirements of this paragraph *shall be conducted by an employee of such agency* or unit involved in the education or care of the child.

20 U.S.C. § 1415(b)(2) (emphasis added).

**2.** Local Civil Rule 3(b) provides as follows:

Upon any motion, the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion ... an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition[.] *Failure to comply may be deemed sufficient cause for the* denial of the motion or the *granting of the motion by default.* Local Civil Rule 3(b) of the United States District Court for the Eastern District of New York (emphasis added).

judgment in *Jacky W. v. New York City Board of Education,* 848 F.Supp. 358 (E.D.N.Y.1994), contends that the IHOs are not employees for purposes of IDEA. Fifth, the defendant asserts that neither the Board's rotational selection process nor its method of recordkeeping violates the IDEA. In addition, pervasive throughout each of the defendant's arguments is its contention that the plaintiffs' Rehabilitation Act claims are merged into their IDEA claims, and that pursuant to *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), it cannot be sued under 42 U.S.C. § 1983 because it is a state agency. *See* SED's Mem. of Law, at 2 n. 4. As the Court now turns to discuss, even aside from the unavailability of a § 1983 claim, both the improper service of the SED and the expiration of the statute of limitations provide independent grounds warranting the dismissal of this action.

## A. *Improper Service of SED*

■ Defendant SED contends that this Court lacks personal jurisdiction over it because it was improperly served. Specifically, this defendant asserts that the plaintiff attempted to effect service by serving a copy of the complaint, on March 3, 1995, upon the New York City office of the Attorney General. *See* Colucci Aff. ¶ 3. Service, however, was never made on anyone at the SED. *See id.* ¶ 4. According to the defendant, said service is insufficient to confer personal jurisdiction over it.

Rule 4(j)(2) of the Federal Rules of Civil Procedure requires that "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed.R.Civ.P. 4(j)(2). The plaintiffs do not contend that they delivered a copy of the summons and the complaint to the SED's chief executive officer. Accordingly, for service to be valid, the Court must find that the

plaintiffs complied with the method of service prescribed by New York law.

Section 307 of the New York Civil Practice Law and Rules ["CPLR"] governs the rendition of personal service upon the State or its agencies. As a general rule, CPLR § 307(1) provides that "[p]ersonal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." CPLR § 307(1) (McKinney 1990). This general rule prescribing the means of service upon the state is qualified, however, by CPLR § 307(2), which governs suits in which either a state officer has been sued solely in an official capacity, or—relevant to the case at bar—a state agency has been sued. CPLR § 307(2) provides in pertinent part as follows:

> *Personal service on a* state officer sued solely in an official capacity or *state agency, which shall be required to obtain personal jurisdiction over such an officer or agency,* shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. . . . The chief executive officer of every such agency shall designate at least one person, in addition to himself or herself, to accept personal service on behalf of the agency. For purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section.

CPLR § 307(2) (McKinney Supp.1996) (emphasis added). Thus, "[s]ervice on a state agency may be made either by personal delivery to the chief executive officer of the agency (or the chief executive's designee) or by certified mail to the chief executive."

CPLR § 307(2) Practice Commentary (McKinney Supp.1996).

In its response to the SED's motion to dismiss, the plaintiffs do not dispute that the SED is a state agency subject to the service provisions of CPLR § 307(2). In addition, the plaintiffs do not set forth facts necessary to establish their compliance with CPLR § 307(2), as they do not contend that they either made personal delivery to the chief executive officer of the SED, or to his or her designee, or sent the summons by certified mail to the chief executive officer. Rather, in his affidavit in opposition to the defendant's motion to dismiss, plaintiffs' counsel simply states that on March 3, 1995, the Attorney General of the State of New York accepted service on behalf of the SED, and that he subsequently had several telephone conversations with Assistant Attorney General Clement J. Colucci in which the issue of improper service was never raised. See Sanabria Aff. ¶¶ 2–3. Plaintiffs' counsel further contends that the SED has not been prejudiced through this alleged improper service. See id. ¶ 4. The plaintiffs' argument that personal jurisdiction should exist over the SED notwithstanding their failure to comply with CPLR § 307(2), therefore, would appear to be based upon estoppel or waiver.

Even assuming the veracity of the facts set forth by plaintiffs' counsel in his affidavit, the Court finds that estoppel is unavailable in this case to prevent the dismissal of the plaintiffs' complaint against the SED for improper service of process. Under New York law, in order to assert estoppel against a governmental entity, a party must show (1) that the governmental subdivision has acted or comported itself wrongfully or negligently, (2) that such conduct by the governmental subdivision has induced reliance by a party who is entitled to rely thereon, and (3) that the party who has relied has changed his position to his detriment or prejudice. See Francis v. State of New York, 155 Misc.2d 1006, 591 N.Y.S.2d 687, 689 (Ct. of Claims 1992) (quoting Bender v. New York City Health & Hospitals Corp., 38 N.Y.2d 662, 668, 382 N.Y.S.2d 18, 345 N.E.2d 561 (1976)). Applying this principle, the New York courts have frequently rejected parties' requests to override the statutory service requirement in circumstances much more severe than the case at bar. Thus, in Sannella v. Regan, 111 A.D.2d 964, 490 N.Y.S.2d 61 (3d Dep't 1985), the Appellate Division held that a non-complying service would not be validated where a person in the Attorney General's Office represented that he would accept service on behalf of the respondent state officer and was authorized to accept such service. See id., 490 N.Y.S.2d at 62. Assertions of estoppel similarly have been rejected where the alleged misrepresentation was made by an attorney. See, e.g., Cox v. Axelrod, 136 Misc.2d 918, 519 N.Y.S.2d 292, 293–94 (Sup.Ct.Queens County 1987). Further, it is well established that "service on the state attorney general does not constitute service on a state agency. Moreover, the fact that a defendant has notice of a lawsuit does not remedy defective service." Dawkins v. Hudacs, 159 F.R.D. 9, 10 (N.D.N.Y. 1994) (citations omitted); see NW Liquidating Corp. v. Industrial Bd., 213 A.D.2d 549, 624 N.Y.S.2d 46, 47 (2d Dep't 1995) (improper service of process warranted dismissal of CPLR Article 78 petition); Kelly v. Scully, 152 A.D.2d 698, 544 N.Y.S.2d 158, 159 (2d Dep't 1989) (failure to acquire personal jurisdiction over respondent state officer as a result of improper service was a fatal jurisdictional defect requiring dismissal); compare Francis, 591 N.Y.S.2d at 691 (State of New York was estopped from challenging improper service where plaintiff's process server made service in the wrong room of the Attorney General's Office, and this mistake was caused by misleading conduct attributable to the State); Hanley v. New York State Exec. Dep't, 182 A.D.2d 317, 589 N.Y.S.2d 366, 367 (3d Dep't 1992) (construing prior version of CPLR § 307(2), which applied only where authorized by specific legislation).

The doctrine of waiver is also unavailable under the facts set forth by plaintiffs' counsel. As earlier discussed, plaintiffs' counsel asserts that the Assistant Attorney General failed to inform him of the SED's intention to file a motion to dismiss for lack of personal jurisdiction in their communications that preceded the filing of defendant's

motion. *See* Sanabria Aff. ¶ 3. Presumably, this proffer is made to establish a waiver, that is to say, a voluntary relinquishment of a known legal right, premised upon the defendant's silence in accepting service on behalf of his client in connection with the SED's motion to dismiss the complaint. This contention is meritless, however, because a stipulation between the parties extending a governmental defendant's time to answer or otherwise move against a claim does not equate to a waiver of personal jurisdiction objections. *See Hodge v. State of New York,* 213 A.D.2d 766, 622 N.Y.S.2d 1016, 1017 (3d Dep't.1995) (citing *Graham v. Sylvan Lawrence Co.,* 82 A.D.2d 980, 440 N.Y.S.2d 405 (3d Dep't.1981)).

Accordingly, the plaintiffs' failure to effect proper service upon the SED provides an independent ground warranting the dismissal of this action against the SED in its entirety.

### B. *Statute of Limitations*

For reasons that are unclear to the Court, the plaintiff has elected not to respond to the defendant SED's assertion that this action is barred in its entirety by the statute of limitations. Because this issue is likely to recur in the event that plaintiffs seek to re-serve the SED and file an amended complaint, some discussion of this matter is warranted as it bears upon the futility of such endeavor, and consequently, whether the Court's dismissal should be with or without prejudice to file an amended complaint.

"Under 20 U.S.C. § 1415(e)(2), a parent aggrieved by a determination of a state educational agency ... may commence an action either in state court or in federal district court." *Adler v. Education Dep't,* 760 F.2d 454, 456 (2d Cir.1985). The IDEA, however, is silent as to the limitations period for bringing an action in federal district court. Under the principle of statutory construction known as "borrowing," the Supreme Court has held that where a federal statute is silent as to the statute of limitations period, it is "generally concluded that

Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983).

The Second Circuit Court of Appeals has held that a four-month statute of limitations applies to actions commenced in New York under 20 U.S.C. § 1415(e)(2). *See Adler,* 760 F.2d at 456–57. The court, in *Adler,* reasoned that the most closely analogous New York statute to 20 U.S.C. § 1415(e)(2) is section 4404(3) of the New York Education Law, *see Adler,* 760 F.2d at 457, which was promulgated by the New York State legislature in response to the predecessor statute to IDEA, and according to the procedural requirements set forth in 20 U.S.C. § 1415.[3] *See Adler,* 760 F.2d at 455–56. Because section 4404(3) of the New York Education Law authorized appeals under Article 78 of the New York Civil Practice Law and Rules, the limitations period for which is four months, *see id.* at 456, the *Adler* court borrowed this four-month limitations period for actions commenced under 20 U.S.C. § 1415(e)(2) in federal district courts located in New York.

In the present case, it is undisputed that the plaintiffs filed this action on February 21, 1995, nearly seven months after the decision, dated July 28, 1994, of the State Review Officer from which they appeal. "[A] party's right to seek review under § 1415(e)(2) accrues when he receives notice of a final decision by the Commissioner." *Gerasimou v. Ambach,* 636 F.Supp. 1504, 1509 (E.D.N.Y. 1986). Thus, in order for the plaintiffs' claims under § 1415(e)(2)—and also under the New York Education Law—to be timely under the facts of the case at bar, the plaintiffs must demonstrate that they received notice of the decision from which they appeal not more than four months prior to the commencement of this action, that is to say, not earlier than October 21, 1995. *See Gerasimou,* 636 F.Supp. at 1510. The plaintiffs make no such contention. Accordingly, both

---

3. 20 U.S.C. § 1415(e)(2) was unaffected by Congress's renaming, in 1990, of the Education of All Handicapped Children Act as IDEA. *See* 20 U.S.C.A. § 1415(e)(2) (1990 & West Supp.1995) (historical and statutory notes indicating that change in name of statute was unaccompanied by a change in text); *see generally Heldman v. Sobol,* 962 F.2d 148, 150 n. 1 (2d Cir.1992).

the plaintiffs' IDEA and New York Education Law claims must be dismissed as untimely under the statute of limitations.

The Court further observes that implicit in the SED's contention that this action is barred in its entirety by the statute of limitations is the assumption that this fate also befalls the plaintiffs' claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794. This contention would appear to draw its force from the same concerns that have led Congress to require, in 20 U.S.C. § 1415(f), that before filing a civil action under any other law seeking relief that also is available under 20 U.S.C. §§ 1411–1420, "the procedures under [§ 1415(b)(2) and (c)], which provide for a hearing and administrative appeal, shall be exhausted to the same extent as would be required had the action been brought under that subchapter." *J.G. v. Board of Educ.*, 830 F.2d 444, 446 (2d Cir.1987); *see* 20 U.S.C. § 1415(f); *F.N. v. Board of Educ.*, 894 F.Supp. 605, 612–13 (E.D.N.Y.1995) (student's failure to exhaust his administrative remedies prevented judicial review under both the IDEA and the Rehabilitation Act); *Hope v. Cortines*, 872 F.Supp. 14, 17 (E.D.N.Y.), *aff'd*, 69 F.3d 687 (2d Cir.1995). Quite inexplicably, the plaintiffs have *not* contended that their claims under the Rehabilitation Act are unaffected by the expiration of the statute of limitations governing claims under the IDEA. *See* 20 U.S.C. § 1415(f) (aside from the requirement of exhaustion, the rights, procedures, and remedies available under the Rehabilitation Act of 1973 are not restricted or limited by IDEA); *see also Morse v. University of Vt.*, 973 F.2d 122, 127 (2d Cir.1992) ("[A]ctions under § 504 of the Rehabilitation Act [29 U.S.C. § 794] are governed by the state statute of limitations applicable to personal injury actions."); *Noel v. Cornell Univ. Med. College*, 853 F.Supp. 93, 94 (S.D.N.Y.) (claims under Rehabilitation Act are governed by New York's three-year statute of limitations applicable to personal injury actions, as set forth in CPLR § 214(5)), *aff'd*, 41 F.3d 1502 (2d Cir.1994). Because the Court already has concluded that the plaintiffs' failure to make proper service upon the SED provides an independent ground warranting the dismissal of the plaintiffs' complaint against the SED in its entirety, it is unnecessary for the Court to address this issue any further at this time.

### C. 42 U.S.C. § 1983

■ Finally, plaintiffs' claims against the SED under 42 U.S.C. § 1983 likewise must be dismissed because the SED, as a state agency, is not a person subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989).

### CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss the plaintiffs' complaint are GRANTED and the complaint is dismissed in its entirety. Such dismissal shall be without prejudice to file an amended complaint, consistent with the analysis stated herein, within 30 days hereof.

SO ORDERED.