OPINION OF THE COURT
Louis C. Benza, J.
Defendant State of New York moves pursuant to Rules of *809 the Chief Administrator of the Courts (22 NYCRR) part 130 for an order imposing sanctions upon claimant.
Claimant, a pro se inmate, commenced this action seeking damages for personal injuries he allegedly sustained as a result of the negligence of a correction officer employed at Great Meadow Correctional Facility in requiring claimant to move bags containing his personal property. On October 10, 1997, the claim was tried at Great Meadow Correctional Facility. At the conclusion of claimant’s proof, the State moved to dismiss the claim on the basis that claimant failed to adduce proof that his injury was proximately caused by lifting the bags. By order filed October 30, 1997, the court granted the State’s motion to dismiss and directed that the Clerk enter judgment in favor of the State.[1]
The claimant subsequently sent the Honorable Christopher J. Mega, Presiding Judge of the Court of Claims, a letter bearing the caption “Donald Faison v State of New York, Claim No. 92563 (De Paolo v State)” (see, defendant’s exhibit B [letter dated Dec. 2,1997]). Copies of the letter were forwarded to this court and to the State’s attorney who represented the defendant at trial.
The letter states, among other things, that, at trial, the Assistant Attorney-General offered, in sexually explicit and vulgar terms, to have sex with claimant, that she made obscene gestures toward him, and that she suggested she “fight” claimant. According to the letter, the court “had to rebuke [the Assistant Attorney-General] for her conduct by telling her that claimant was old enough to be her father.” The letter further maintains that a court stenographer and a person described as an attorney sitting next to the stenographer threatened claimant, and that a female correction officer engaged in oral sex with a male correction officer in the courtroom and the court reprimanded the two for their behavior. Finally, claimant contends that after the incident, Chief Clerk David B. Klingaman violated the law by refusing to forward to Judge Benza two motions by claimant “for renew and reply”. Defendant moves for an order imposing sanctions upon claimant for frivolous conduct.[2]
Part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) authorizes the court to impose financial *810 sanctions against a party for frivolous conduct (22 NYCRR 130-1.1 [a], [b]). The Rules provide that conduct is frivolous if “it is undertaken primarily * * * to harass or maliciously injure another” or “it asserts material factual statements that are false?’ (22 NYCRR 130-1.1 [c] [2], [3]).
Claimant’s conduct in submitting the letter, replete with foul language and false statements of fact, falls well within the scope of 22 NYCRR 130-1.1 and the court’s inherent power to impose sanctions. The letter was plainly intended to harass and demean the Assistant Attorney-General personally; and in suggesting that behavior of the nature described was permitted in the courtroom, it impugns the dignity and integrity of the court. Moreover, as an unfounded challenge to the validity of a judgment, and a groundless attack on the motives of the Chief Clerk, it is an abuse of claimant’s position as a litigant and an impediment to the proper administration of justice. At the very least, the imposition and enforcement of a monetary sanction is appropriate (see, Jermosen v State of New York, 178 AD2d 810; Gabrelian v Gabrelian, 108 AD2d 445, appeal dismissed 66 NY2d 741; see also, Judiciary Law §§ 750, 753 [defining conduct punishable as criminal and civil contempt respectively]).
Turning to the question of the proper sanction for the conduct at issue, the State contends that a monetary sanction alone would be of little deterrent effect considering claimant’s incarceration and status as a pro se litigant. Defendant, therefore, requests that in lieu of a money judgment against claimant, the court preclude him from filing any further claims without permission of the court (see, Lee v State of New York, Oct. 4,1990, Corbett, J., claim No. 79553, motion No. M-41426.)
The court is cognizant of the inadequacy of a monetary sanction as a deterrent to an indigent inmate. However, the sanction proposed by the State, a permanent revocation of the claimant’s right to file claims without permission, was fashioned and appropriately imposed in Lee v State of New York (supra) as a response to the filing of frivolous and duplicative claims. Here, although claimant has filed 30 claims in this court alone in the past three years, 16 of which have been dismissed, and claimant has yet to obtain a recovery on any claim, claimant’s litigiousness is not the subject of the State’s motion. The filing of numerous claims does not, in and of itself, amount to frivolous conduct. Likewise, that a claim is ultimately dismissed does not compel the conclusion that the claim is frivolous. Further, claimant’s prodigious filings are not the *811 basis of the court’s finding of misconduct. Had the State wished to seek sanctions based upon the filing of the duplicative claims dismissed at trial, that motion would have been appropriate at the time of the dismissal.
Having said that, the court acknowledges that the resources of judicial institutions are limited and that it is the responsibility of the court “to ensure that its resources are allocated in a way that promotes the interests of justice” (see, Lee v State of New York, supra, slip op, at 4). The sheer volume of claims filed by claimant in this court illustrates the burden on Judges and their staffs, and emphasizes the need to protect against the misuse of the judicial process. Claimant’s submission for judicial review of a patently false account of proceedings demonstrates a complete disrespect for the obligations of the court in the administration of justice, and it is a blatant misuse of the right to file claims.
Accordingly, the court imposes a monetary sanction in the amount of $2,500 and directs that until the judgment entered herein is paid and satisfied, claimant Donald Faison shall be prohibited from filing claims pro se without the prior approval of a Judge of the Court of Claims in accordance with the following:
(1) In order to obtain approval, claimant must serve the defendant(s) and file with the Clerk an application for permission to file a claim within 90 days of the accrual of his purported cause of action, unless claimant serves a notice of intention to file a claim within 90 days of accrual of a purported cause of action. If a notice of intention is properly served, claimant must serve and file his application for permission to file his claim within the same period of time allowed for the filing of such claim in Court of Claims Act § 10;
(2) Claimant’s application for permission to file a claim, served in the same manner as any motion in this court, must contain a proposed claim and affidavit(s) of merit and support.
Based upon the foregoing, it is ordered, that the Chief Clerk of the Court is directed to enter judgment against Donald Faison in the amount of $2,500; and it is further ordered, that Donald Faison deposit with the Clerk of the Court the sum of $2,500 (in a check made payable to the Clerk of the Court) for transmittal to the State Commissioner of Taxation and Finance pursuant to 22 NYCRR 130-1.3; and it is further ordered, that the Chief Clerk of this court may not accept any future claims from Donald Faison, pro se, absent an order of the court *812 obtained in compliance with the provisions of this order, until the judgment entered herein is paid and satisfied by the claimant.

. Two additional claims (claim Nos. 92564, 92565) were dismissed, upon agreement of the parties, as duplicative of claim No. 92563.

. Defendant’s attorney on this motion is not the defendant’s trial attorney.