In the Matter of CYNTHIA LOWNEY, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and NEW YORK STATE DEPARTMENT OF LABOR (UNEMPLOYMENT INSURANCE APPEAL BOARD), Respondent. [889 NYS2d 463]—

Pursuant to CPLR 307 (2), personal service upon a state officer sued in an official capacity or upon a state agency, "which shall be required to obtain personal jurisdiction," must either be by delivery to the chief executive officer (here the Commissioner) or to a person or persons designated by such chief executive officer, or by certified mail. It is uncontested that service here was not performed by certified mail. Service to a secretary, as occurred here, did not provide the court with personal jurisdiction over the agency or Commissioner, and required dismissal of the proceeding, as the Department of Labor was a necessary party (see Rego Park Nursing Home v State of N.Y., Dept. of Health/Bur. of Residential Health Care Facility Reimbursement, 160 AD2d 923, 924 [1990], affd 77 NY2d 942 [1991]; Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842, 843 [2008]). That the Commissioner ultimately received actual notice of the proceeding does not provide jurisdiction to the court (see Macchia v Russo, 67 NY2d 592, 595 [1986]; Matter of Moogan v New York State Dept. of Health, 8 AD3d 68, 69 [2004], lv denied 3 NY3d 612 [2004]). Nor has plaintiff provided any facts from which it may be found that the agency acted wrongfully or negligently causing petitioner to change her position to her detriment, to support her estoppel argument (see Berkowitz By Berkowitz v New York City Bd. of Educ., 921 F Supp 963, 968 [ED NY 1996]; Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]; Francis v State of New York, 155 Misc 2d 1006, 1012 [Ct Cl 1992]). At no time did petitioner seek to serve any properly authorized person, nor does petitioner or her process server aver that either of them was told that the secretary to whom they gave the papers was authorized, as required by statute, to accept process commencing a proceeding.

Petitioner's consolidation and change of venue issues are, therefore, moot. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.