Matter of Woodies v Department of Motor Vehicles (2018 NY Slip Op 06099)





Matter of Woodies v Department of Motor Vehicles


2018 NY Slip Op 06099


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-04677
 (Index No. 11907/14)

[*1]In the Matter of Cornelius E. Woodies, appellant,
v
Department of Motor Vehicles, et al., respondents.


Cornelius E. Woodies, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Department of Motor Vehicles, inter alia, revoking the petitioner's driver license, the petitioner appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated March 22, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
On or about September 16, 2013, the petitioner received traffic summonses for speeding and operating a motor vehicle without insurance. The respondent Department of Motor Vehicles (hereinafter the DMV) subsequently suspended and then revoked the petitioner's driver license based upon his operation of a motor vehicle without insurance.
The petitioner commenced this CPLR article 78 proceeding against the DMV, the Traffic Violations Bureau TVB Appeals Unit (hereinafter the TVB), the City of New York, Zachary Carter, Corporation Counsel of the City of New York, and Mayor Bill DeBlasio, seeking, inter alia, to annul the determination revoking his license and to vacate the underlying traffic summonses. Although the pro se petition was dated August 8, 2014, it was not served until January 5, 2016, and only upon "B. Mazyck," whom the affidavit of service identified as a "Law Clerk City of New York" at 100 Church Street, the office of Corporation Counsel of the City of New York. In a judgment dated March 22, 2016, the Supreme Court denied the petition and dismissed the proceeding insofar as asserted against the DMV and the TVB on the ground, inter alia, that the service was insufficient to obtain jurisdiction over those New York State entities. The Supreme Court further denied the petition and dismissed the proceeding as to the remaining respondents on the ground, inter alia, that the petition alleged no claims against them. The petitioner appeals.
We agree with the Supreme Court's denial of the petition and dismissal of the proceeding insofar as asserted against the DMV and the TVB, since the petitioner failed to establish that those respondents were properly served with the petition (see CPLR 403[c]; 7804[c]; Matter of Francis v Goord, 266 AD2d 845; Matter of Jones v Coughlin, 87 AD2d 953). Similarly, the court properly denied the petition and dismissed the proceeding insofar as asserted against the remaining respondents for failure to state any claims against them.
In view of the foregoing, we do not consider the petitioner's additional contentions.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court