■ In the Matter of MANOJ ILLICKAL, Appellant, v STANFORD A. ROMAN, as Dean of Sophie Davis School of Biomedical Education, et al., Respondents. [653 NYS2d 562] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 3, 1995, which dismissed the petition in this proceeding brought pursuant to CPLR article 78 to annul respondents' decision to dismiss petitioner from respondent medical school, unanimously affirmed, without costs.

Since respondents' decision to dismiss petitioner from its medical school was not arbitrary and capricious, irrational, violative of constitutional or statutory rights, or made in bad faith, the decision will not be disturbed by the courts (*Matter of Susan M. v New York Law School*, 76 NY2d 241). Petitioner was advised of his academic deficiencies and given several opportunities to correct those deficiencies before he was dismissed, and he was given an adequate opportunity to attend and participate in his appeal before the school's appellate committee (*see, e.g., Board of Curators v Horowitz*, 435 US 78). We reject petitioner's due process claims.

Finally, the Supreme Court would lack subject matter jurisdiction with regard to petitioner's claims concerning respondents' alleged breach of contract (Education Law § 6224 [4]; *see, Ibekweh v Wiredu*, 197 AD2d 478, *lv denied* 83 NY2d 751). Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.