■ In the Matter of Hector Vargas, Appellant, v State of New York et al., Respondents. [943 NYS2d 533]—

Proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Robert E. Torres, J.], entered September 26, 2011), seeking to annul a determination of respondent New York State Department of Motor Vehicles (DMV), dated January 28, 2011, which, after a hearing, affirmed petitioner's traffic conviction and imposed a fine of $130, unanimously dismissed, without costs.

Upon exercising our power to review Supreme Court's order denying respondents' cross motion to dismiss this proceeding on procedural grounds (*see* CPLR 7804 [g]; *Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843

[2008]; *Matter of Desmone v Blum*, 99 AD2d 170, 177 [1984]), we find that respondent's cross motion should have been granted. It is undisputed that petitioner never served the notice of petition and petition upon respondent DMV's chief executive officer or a person designated by the chief executive officer to receive service (CPLR 307 [2]). DMV's receipt of the notice of petition and petition from the Attorney General's office did not provide personal jurisdiction over the DMV (*see Matter of Lowney v New York State Div. of Human Rights*, 68 AD3d 551, 551 [2009]). Further, respondent State of New York is not a proper party to this proceeding since it is not a "body or officer" within the meaning of CPLR 7802 (a) (*see Kirk v Department of Motor Vehs.*, 22 AD3d 240, 241 [2005]). Were we to address the merits of the petition, we would find that substantial evidence supports the DMV's determination. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.