■ In the Matter of MARK CRICHLOW, Appellant, v NYS OFFICE OF MENTAL HEALTH et al., Respondents. [25 NYS3d 166]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 28, 2014, denying the petition seeking, inter alia, to annul respondents' determination, dated September 18, 2000, which terminated petitioner's employment, granting respondents' cross motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

It is undisputed that petitioner failed to serve the notice of petition and petition upon the agency respondents, as required by CPLR 307 (2). The failure to properly effectuate service on, and acquire personal jurisdiction over, the agency respondents warrants dismissal (*see Matter of Vargas v State of New York*, 95 AD3d 588, 589 [1st Dept 2012]). Respondents did not concede to the court's jurisdiction by seeking an adjournment, and the cross motion to dismiss the petition on jurisdictional grounds was properly brought prior to the time that the answer was required to be served (*see* CPLR 3211 [a] [8]; [e]; *see also* CPLR 320 [b]).

Furthermore, the petition, brought more than 13 years after petitioner's termination, is time barred (*see* CPLR 217 [1]).

Petitioner failed to establish entitlement to a tolling of the time within which to bring this proceeding, as there is no "evidence that [petitioner] was lulled into inaction by [respondents] in order to allow the statute of limitations to lapse" (*East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628, 628 [1st Dept 1995]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.