Matter of Golembiowski v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 03072)

Matter of Golembiowski v Port Auth. of N.Y. & N.J.

2022 NY Slip Op 03072

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 652672/18 Appeal No. 15903 Case No. 2019-4951 

[*1]In the Matter of David Golembiowski, Petitioner-Appellant,
v
Port Authority of New York and New Jersey, Respondent-Respondent.

Mischel & Horn, P.C., New York (Richard E. Mischel of counsel), for appellant.
Port Authority of New York and New Jersey Law Department, New York (Paulo C. Alves of counsel), for respondent.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 22, 2018, which denied the petition to vacate an arbitration award on the ground that service of the petition was improper, and dismissed the proceeding, unanimously affirmed, without costs.
The sole issue on appeal is whether Supreme Court erred in dismissing petitioner's CPLR 7511 petition to vacate the arbitration award. The commencement of a special proceeding requires service consistent with CPLR article 3 (Marrero v City of New York , 160 AD2d 377, 377 [1st Dept 1990]). A special proceeding to vacate an arbitration award is commenced by filing a petition (CPLR 304[a]), which must be served upon the opposing party in the same manner as a summons in an action (CPLR 403[c]). Pursuant to CPLR 307(2), personal service on a state agency is required to obtain personal jurisdiction over the agency and is accomplished by delivery to such officer, chief executive officer, or the chief executive officer's designee, or by mailing, via certified mail, return receipt requested. In accordance with the requirements of CPLR 307(2), respondent's website gives notice that service must be made upon an officer of respondent.
Here, petitioner failed to comply with the strict statutory requirements for service of the notice of petition.The record shows that petitioner forwarded service to respondent's employee, who was counsel at the arbitration proceeding, by overnight mail, as opposed to certified mail, return receipt requested, and without knowing whether counsel was designated to accept service (see CPLR 307[2]). This was improper and insufficient to confer personal jurisdiction over respondent (CPLR 403[c]; see e.g. Matter of Country Wide Ins. Co. v Polednak , 114 AD2d 754, 754 [1st Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022