**Trowbridge v City Univ. of N.Y.**

2024 NY Slip Op 33434(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 154124/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART        **33M**

*Justice*

-------------------------------------------------------------------X

STEPHEN TROWBRIDGE,

            Plaintiff,

       - v -

CITY UNIVERSITY OF NEW YORK, RUSSELL HOTZLER,
MIGUEL CAIROL

            Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154124/2024 |
| MOTION DATE | 09/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 11, 12, 13

were read on this motion to/for                 DISMISSAL              .

Upon the foregoing documents, Defendants City University of New York ("CUNY"), Russell Hotzler ("Hotzler"), and Miguel Cairol ("Cairol") collectively ("Defendants") motion to dismiss Plaintiff Stephen Trowbridge's ("Plaintiff") Complaint is granted.

## I.     Background

This is an employment discrimination action alleging disability-based discrimination and retaliation (*see generally* NYSCEF Doc. 2). Plaintiff was employed by CUNY as a Director of Public Safety at the New York City College of Technology ("NYCCT"), a subdivision of CUNY. Plaintiff allegedly was fired after he reported that NYCCT was committing fraud. He also alleges he was fired for seeking disability-based accommodation. Plaintiff alleges retaliation continued as after he was discharged CUNY failed to pay him all unused leave and other benefits.

Defendants move to dismiss and argue the Court of Claims has exclusive jurisdiction over claims asserted against CUNY and its employees. Defendants further argue that CUNY was improperly served according to CPLR § 307. Plaintiff concedes that his breach of contract claim

belongs in the Court of Claims and represents he is willing to re-file his breach of contract claim but argues that this Court has jurisdiction over the whistleblower claims, the state human rights law claim, and the FMLA claims. Plaintiff fails to address the service deficiencies pursuant to CPLR § 307. In reply, Defendants reassert that they were not served properly and therefore this Court lacks jurisdiction. Moreover, Defendants argue that because Plaintiff seeks money damages against a state agency, exclusive jurisdiction lies with the Court of Claims.

## II. Discussion

Where an action seeks to recover money from the state, it must be brought in the Court of Claims and not the Supreme Court (*Bank of New York v Tully*, 84 AD2d 704 [1st Dept 1981]). This rule encompasses claims for breach of contract against senior colleges of City University (*Gelin v Lehman College*, 254 AD2d 119 [1st Dept 1998]; *Illickal v Roman*, 236 AD2d 247 [1st Dept 1997]; *see also* Education Law § 6224[4]). Moreover, whistleblower retaliation claims in violation of Civil Service Law § 75-b "are committed to the exclusive jurisdiction of the Court of Claims" (*Ajoku v New York State Office of Temporary and Disability Assistance*, 198 AD3d 437 [1st Dept 2021] citing *Schaffer v Evans*, 86 AD2d 708 [1st Dept 1982]). However, the Court of Appeals has ruled that claims under the New York State Human Rights Law may be brought in the Court of Claims or other forums (*Koerner v State*, 62 NY2d 442 [1984]).

Pursuant to CPLR 307, to sue a state officer who was acting solely in their official capacity, or a state agency, service must be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state by delivering same to an assistant attorney-general.

**154124/2024  TROWBRIDGE, STEPHEN vs. CITY UNIVERSITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 4**

[* 2]

Here, the affidavits of service indicate only that the Amended Complaint was served on the Attorney General (NYSCEF Docs. 10-11), but there is no affidavit of service indicating the Amended Complaint was mailed to or served on the individual state officers Hotzler or Cairol or the chief executive officer of CUNY, which is a state agency within the meaning of CPLR 307(2) (*see e.g. Vargas v State,* 95 AD3d 588 [1st Dept 2012]; *Lowney v New York State Div. of Human Rights*, 68 AD3d 551 [1st Dept 2009]; *Moogan v New York State Dept of Health*, 8 AD3d 68 [1st Dept 2004]; *Yoon Kim v New York State Health Dept*, 262 AD2d 156 [1st Dept 1999]). Plaintiff did not address these deficiencies in opposition to Defendants' motion.

Based on the issues surrounding service and subject matter jurisdiction, this Court is constrained to dismiss the action (*see, e.g. Golembiowski v Port Auth. of NY & NJ*, 205 AD3d 478 [1st Dept 2022]; *see also* Court of Claims Act § 11[a][ii]). However, as the dismissal is not on the merits but based on technicalities, it is without prejudice, with leave to replead in the proper forum and where service has been properly effectuated on the Defendants.

Accordingly, it is hereby,

ORDERED that Defendants City University of New York, Russell Hotzler, and Miguel Cairol's motion to dismiss Plaintiff's Complaint is granted, and the Complaint is hereby dismissed, without prejudice, with leave to replead in the proper forum in accordance with the requirements of CPLR 307; and it is further

*[The remainder of this page is intentionally left blank.]*

**154124/2024 TROWBRIDGE, STEPHEN vs. CITY UNIVERSITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 3 of 4**

3 of 4

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/26/2024 | | | | | Mary V Rosar JSC | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | x | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

154124/2024   TROWBRIDGE, STEPHEN vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 4

4 of 4